**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CITY OF SPOKANE, | No. 08-35508 |
| Plaintiff - Appellee, | D.C. No. 2:05-cv-00139-RHW |
| v. | |
| WORLD WIDE VIDEO OF WASHINGTON, INC., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted July 9, 2009
Seattle, Washington

Before: BEEZER, O'SCANNLAIN and KLEINFELD, Circuit Judges.

In 2005, the City of Spokane filed a complaint in state court, alleging that

World Wide Video of Washington, Inc., was operating its stores in violation of a

local zoning ordinance. After World Wide Video counterclaimed that the

ordinance violated the First and Fourteenth Amendments, the case was removed to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

federal district court. The parties subsequently agreed to a court-ordered consent decree. In 2007, however, the City moved to vacate the decree under Federal Rule of Civil Procedure 60(b). The district court granted the City's motion and vacated the decree. World Wide Video timely appeals the district court's grant of the City's Rule 60(b) motion as well as the court's denial of World Wide Video's motion for reconsideration.

We lack jurisdiction to hear this appeal. The district court's grant of the City's Rule 60(b) motion was an interlocutory order. *See Ballard v. Baldridge*, 209 F.3d 1160, 1161 (9th Cir. 2000). Under 28 U.S.C. § 1292(a)(1), this court has jurisdiction over appeals from interlocutory orders of the district court "granting, continuing, modifying, refusing or dissolving injunctions, . . . except where a direct review may be had in the Supreme Court." Although the district court's grant of the City's Rule 60(b) motion did have the effect of dissolving an injunction, *see Thompson v. Enomoto*, 815 F.2d 1323, 1326 (9th Cir. 1987), the Supreme Court has held that an appeal under § 1292(a)(1) may be heard only if a litigant can also show that the interlocutory order "might have a 'serious, perhaps irreparable, consequence,' and that the order can be 'effectually challenged' only by immediate appeal," *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981). World Wide Video

2

has made neither showing here.[1]  Accordingly, we must dismiss this appeal for lack

of jurisdiction.  *See Thompson*, 815 F.2d at 1327.

Should there be further proceedings below, we urge the district court to

reevaluate whether it has subject-matter jurisdiction, given that the original case

has been reopened and the City's complaint asserts only state-law claims.  *See* 28

U.S.C. § 1331; *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1376

(2010) ("Rule 60(b) . . . provides an exception to finality that allows a party to seek

relief from a final judgment, and request reopening of his case, under a limited set

of circumstances."  (internal quotation marks and citations omitted)); *Holmes*

*Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A]

counterclaim—which appears as part of the defendant's answer, not as part of the

plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.");

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence

of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,'

which provides that federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly pleaded complaint."); *Franchise*

*Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 n.9 (1983)

---

[1]  We express no opinion on whether World Wide Video could have made the required showings.  Here, however, World Wide Video did not even attempt to make them.

3

("The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction.").

**DISMISSED.**